# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 22-1684V

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
```
                                          *
BRENDA DALRYMPLE, as executor of          *
ESTATE OF JAMES DALRYMPLE,                 *        Chief Special Master Corcoran
                                          *
              Petitioner,                  *        Filed:  September 3, 2025
                                          *
      v.                                   *
                                          *
SECRETARY OF HEALTH                        *
AND HUMAN SERVICES,                        *
                                          *
              Respondent.                  *
                                          *
```
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Joseph A. Vuckovich*, Mctlaw, Washington, DC, for Petitioner.

*James V. Lopez*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING DAMAGES[1]

On November 15, 2022, James Dalrymple filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program"). [2] Mr. Dalrymple alleged that he suffered from transverse myelitis ("TM") as a result of his October 21, 2021, receipt of the influenza ("flu") vaccine. On February 22, 2025, Mr. Dalrymple died, and on April 28, 2025, his widow, Brenda Dalrymple, as executor of the estate of Mr. Dalrymple, was substituted as the petitioner of record in this case. Petitioner alleges that Mr. Dalrymple suffered the residual effects of this injury for more than six months.

---

[1] Because this decision contains a reasoned explanation for my actions in this case, I will post it on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Respondent denies that the flu vaccine caused Mr. Dalrymple to suffer from TM, or any other injury, or caused his death. Nonetheless both parties, while maintaining their above-stated positions, agreed in a stipulation[3] (filed on September 3, 2025) that the issues before them could be settled, and that a decision should be entered awarding Petitioner compensation.

I have reviewed the file, and based upon that review, I conclude that the parties' stipulation (as attached hereto) is reasonable. I therefore adopt it as my decision in awarding damages on the terms set forth therein.

The stipulation awards:

- A lump sum payment of **$100,000.00** to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.

Stipulation ¶ 8. This amount represents compensation for all damages that would be available under Section 15(a) of the Act.

I approve a Vaccine Program award in the requested amount set forth above to be made to Petitioner. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court is directed to enter judgment herewith.[4]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[3] To avoid the unnecessary disclosure of Petitioner's personal information, the AssureSign form included in the originally filed Stipulation has been removed from the copy of the Stipulation attached to this Decision.

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| BRENDA DALRYMPLE, *as executor of the estate of* JAMES DALRYMPLE,<br><br>Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent.<br> | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

No. 22-1684V
Chief Special Master Corcoran
ECF

**STIPULATION**

The parties hereby stipulate to the following matters:

1. James Dalrymple filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to -34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to his receipt of an influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a). On February 22, 2025, Mr. Dalrymple died, and on April 28, 2025, his widow, Brenda Dalrymple ("petitioner"), as executor of the estate of Mr. Dalrymple, was substituted as the petitioner of record in this case.

2. Mr. Dalrymple received the flu vaccine on October 21, 2021.

3. The vaccine was administered within the United States.

4. Petitioner alleges that Mr. Dalrymple suffered from transverse myelitis ("TM") as a result of receiving the flu vaccine, and that he experienced the residual effects of this injury for more than six months.

1

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on Mr. Dalrymple's behalf as a result of his alleged injury.

6. Respondent denies that the vaccine caused Mr. Dalrymple to suffer from TM, or any other injury, or caused his death.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum payment of **$100,000.00** to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner.

This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and her attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or

State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C.

§ 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

11. Payment made pursuant to paragraph 8 and any amounts awarded pursuant to

paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject

to the availability of sufficient statutory funds.

12. Petitioner represents that petitioner presently is, or within 90 days of the date of

judgment will become, duly authorized to serve as the legal representative of Mr. Dalrymple's

estate under the laws of the State of North Carolina. No payments pursuant to this Stipulation

shall be made until petitioner provides the Secretary with documentation establishing petitioner's

appointment as legal representative of Mr. Dalrymple's estate. If petitioner is not authorized by

a court of competent jurisdiction to serve as legal representative of Mr. Dalrymple's estate at the

time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the

party or parties appointed by a court of competent jurisdiction to serve as legal representative of

Mr. Dalrymple's estate upon submission of written documentation of such appointment to the

Secretary.

13. In return for the payments described in paragraphs 8 and 9, petitioner, in her

individual capacity and as executor of the estate of Mr. Dalrymple, and on behalf of her heirs,

executors, administrators, successors or assigns, does forever irrevocably and unconditionally

release, acquit and discharge the United States and the Secretary of Health and Human Services

from any and all actions or causes of action (including agreements, judgments, claims, damages,

loss of services, expenses and all demands of whatever kind or nature) that have been brought,

could have been brought, or could be timely brought in the Court of Federal Claims, under the

National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or

3

in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of Mr. Dalrymple resulting from, or alleged to have resulted from, the flu vaccination administered on October 21, 2021, as alleged by Mr. Dalrymple in a petition for vaccine compensation filed on or about November 15, 2022, in the United States Court of Federal Claims as petition No. 22-1684V.

14. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

15. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

16. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused Mr. Dalrymple to suffer from TM, or any other injury, or caused his death.

17. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

### END OF STIPULATION

4

Respectfully submitted,

**PETITIONER:**

*Brenda Dalrymple*

BRENDA DALRYMPLE, *as executor of the estate of* JAMES DALRYMPLE

**ATTORNEY OF RECORD FOR PETITIONER:**

JOSEPH A. VUCKOVICH, ESQ.
mctlaw | Maglio Christopher & Toale Law Firm
1015 15th Street NW
Suite 1125
Washington, DC 20005
Tel: (888) 952-5242
Email: jvuckovich@mctlaw.com

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

HEATHER L. PEARLMAN
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

Jeffrey S. Beach -S
Digitally signed by Jeffrey S. Beach -S
Date: 2025.08.05 09:47:28 -04'00'    for

CAPT GEORGE REED GRIMES, MD, MPH
Director, Division of Injury
 Compensation Programs
Healthcare Systems Bureau
Health Resources and Services
 Administration
U.S. Department of Health
 and Human Services
5600 Fishers Lane, 08W-25A
Rockville, MD 20857

Dated: 9/3/25

**ATTORNEY OF RECORD FOR RESPONDENT:**

JAMES V. LOPEZ
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-3655
Email: james.lopez@usdoj.gov

5