# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 22-1684V

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
                              \*

|  |  |
|---|---|
| BRENDA DALRYMPLE * <br> as executor of * <br> ESTATE OF JAMES DALRYMPLE, * <br>       * <br>     Petitioner, * <br>       * <br>     v. * <br>       * <br> SECRETARY OF HEALTH * <br> AND HUMAN SERVICES, * <br>       * <br>     Respondent. * | Chief Special Master Corcoran <br><br> Filed:  June 24, 2026 |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Joseph A. Vuckovich*, mctlaw, Washington, DC, for Petitioner.

*James V. Lopez*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION GRANTING IN PART
## AWARD OF ATTORNEY'S FEES AND COSTS[1]

      On November 15, 2022, James Dalrymple filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petition, dated Nov. 15, 2022 (ECF No. 1). Mr. Dalrymple alleged that he suffered from transverse myelitis as a result of his October 21, 2021, receipt of the influenza vaccine. *Id.* at 1, 7. After his death in February 2025, his widow, Brenda Dalrymple, appeared as the Petitioner. Mot. to Amend Caption, dated April 23, 2025 (ECF No. 36); Order Granting Mot. to Amend, dated Apr. 28, 2025 (ECF No. 38).

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

The parties later resolved the claim, and a stipulation decision awarding compensation was filed thereafter. Decision Awarding Damages, filed on Sep. 3, 2026 (ECF No. 48).

Petitioner has now filed a motion for attorney's fees and costs accrued while litigating this claim. Motion for Attorneys' Fees and Costs, dated May 15, 2026 (ECF No. 52) ("Mot."). Petitioner requests a total of $179,548.55 (comprised of $166,997.90 in fees, and $12,550.65 in costs) for the work performed on the matter. *Id.* at 1. This is Petitioner's sole fee request.

Respondent reacted to Petitioner's fee request, deferring to my discretion whether Petitioner has met the legal and statutory requirements for a fees and costs award, as well as the calculation of the amount to be awarded. *See* Response, dated May 18, 2026 (ECF No. 53). Petitioner filed her Reply reiterating her position. *See* Reply, dated May 19, 2026 (ECF No. 54).

For the reasons set forth below, I hereby **GRANT IN PART** Petitioner's motion, awarding fees and costs in the total amount of **$179,382.08.**

**ANALYSIS**

I.    **Calculation of Fees**

Because the claim was resolved in Petitioner's favor, she is entitled to a fees and costs award—although only "reasonable" fees or costs may be awarded in the Program. Only "reasonable" fees or costs may be awarded in the Program. Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera*, 515 F.3d at 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensely*, 461 U.S. at 429–37.

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis*" exception). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine

Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

The Fees Invoice requests the following rates for her various attorneys, based on the years work was performed:

|  | 2022 | 2023 | 2024 | 2025 | 2026 |
|---|---|---|---|---|---|
| **Joseph Vuckovich** | n/a | $415.00 | $445.00 | $490.00 | $535.00 |
| **Alison Haskins** | $460.00 | $492.00 | n/a | n/a | n/a |
| **Danielle Strait** | n/a | n/a | $480.00 | n/a | n/a |
| **Altom Maglio** | $460.00 | n/a | n/a | n/a | n/a |
| **Paralegals** | $170.00 | $180.00 | $190.00 | $205.00 | $225.00 |
| **Lindsay Wilkinson (Medical Records Paralegal)** | $160.00 | $170.00 | n/a | n/a | n/a |

Fees Invoice, filed May 15, 2026 (ECF No. 52-2) at 67.

Mr. Vuckovich practices in Washington, DC—a jurisdiction that has been deemed "in forum," and thus entitling him and his associated attorneys to commensurate rates established in *McCulloch. See Zacharski v. Sec'y of Health & Hum. Servs.*, No. 21-317V, 2026 WL 963561, at *3 (Fed. Cl. Spec. Mstr. Mar. 10, 2026). The hourly rates requested for the attorneys and their paralegals for time billed are also consistent with what has previously been awarded for the work of these attorneys, in accordance with the Office of Special Masters' fee schedule.[3] *See Gornowicz v. Sec'y of Health & Hum. Servs.,* No. 17-2053V, 2026 WL 988604, at *2 (Fed. Cl. Mar. 16, 2026); *Tani v. Sec'y of Health & Hum. Servs.*, No. 22-1305V, 2026 WL 312389, at *1 (Fed. Cl. Spec. Mstr. Jan. 5, 2026); *Steward v. Sec'y of Health & Hum. Servs.*, No. 22-289V, slip op. at 2 (Fed. Cl. Spec. Mstr. Feb. 1, 2024). There is thus no basis for reducing them in this instance. And I find the time devoted to the work reasonable as well.

## II.    Calculation of Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No.10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as

---

[3] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules (last visited on Apr. 21, 2026).

by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $12,550.65 in outstanding costs, including the filing fee, medical record retrieval costs, mailing costs, and life care planning services. Cost Invoice, filed May 15, 2026, (ECF No. 52-3) ("Cost Invoice"). Documentation was provided for the Court's filing fee, most medical records requests, most mailing expenses, and life care planning services. I discuss all costs reductions below.

   A.   *Petitioner's General Litigation Costs*

Documentation was provided for the Court's filing fee, medical records requests, copying expenses, and some mailing expenses. I find the documented costs reasonable and shall award them in full. There are, however, some missing receipts for claimed costs, including DocuSign Correspondence, one payment to Novant Health for medical records, the execution of SSDI and BCBS authorization forms, postage regarding disbursement for life care planning services, and a UPS charge. Cost Invoice at 1, 2. I deny reimbursement of these undocumented costs, which results in a reduction of **$85.02**.[4]

Petitioner's counsel also requested reimbursement for medical journals, a law firm overhead expense. Cost Invoice at 56, 58. Costs associated with purchasing journals are not compensable in the Program. *Rodriguez v. Sec'y of Health & Hum. Servs.*, No. 06-559V, 2009 WL 2568468, at *23 (Fed. Cl. July 27, 2009) (finding that a National Law Journal Subscription was an overhead expense and not compensable). I deny the costs of the medical journals, which results in a reduction of **$81.45**.[5]

### CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT IN PART** Petitioner's Motion for Attorney's Fees and Costs, and award a total of **$179,382.08 (comprised of $166,997.90 in fees and $12,348.18 in costs) to be paid through an ACH deposit to Petitioners' counsel's IOLTA account for prompt disbursement.**

---

[4] Calculated by: $9.06 DocuSign Correspondence + $45.00 Medical Record from Novant + $10.64 Execution of SSDI and BCBS of North Carolina forms + $7.99 Postage to Lynn Trautwein + $12.33 UPS Stipulation to DOJ = $85.02.

[5] Calculated by: $41.50 Sage Journals + $39.95 Discovery Medicine = $81.45.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[6]

    **IT IS SO ORDERED.**

/s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.